GEORGE W. GERRISH *vs.* GEORGE N. BLACK, executor.

On a bill in equity to redeem a mortgage against a mortgagee in possession, a decree was
entered that upon payment by the plaintiff of a fixed sum within a specified time, the
defendant should discharge the mortgage, surrender possession and assign claims for un-
collected rents; that the balance found due on the accounts of repairs and rents since a
day named should be paid by the party from whom it was due; that, if any question
arose as to carrying out the decree, either party might apply for further orders and de-
crees; and that the question of costs was expressly reserved for further decree; but that
in default of payment by the plaintiff within the time specified he should be foreclosed.
*Held*, that the decree was not final, and might be varied, on motion of the plaintiff, by
extending the time for payment.

BILL IN EQUITY against the executor of John Black to redeem land in Chelsea from a mortgage given by the plaintiff to the defendant's testator. The case was heard and the following decree entered September 28, 1871 :

" This case having been fully heard and argued by counsel, therefore and upon consideration thereof, it is ordered, adjudged and decreed as follows :

" First, that the defendant, upon payment to him by the plaintiff within sixty days from the twentieth day of August last past, of the sum of twenty thousand four hundred and seven dollars and twenty-nine cents, with interest thereon at the rate of six per centum from the first day of June now last past, shall release and discharge the mortgaged premises described in the plaintiff's bill of complaint from the mortgage therein described and set forth.

" Second, that the defendant, upon payment or tender to him of said sum of twenty thousand four hundred and seven dollars and twenty-nine cents, with interest as aforesaid, by the plaintiff, shall assign, transfer and convey to the plaintiff all claims for rent of said mortgaged premises accruing since the first day of April last past, now uncollected, and shall pay over to the plaintiff all sums received by him for rent of said mortgaged premises accruing since said first day of April, deducting therefrom, upon such sums so received by him in cash, a commission at the rate of five per centum, and also all sums paid by the defendant for repairs of said mortgaged premises since said first day of April last past; and if said sums so received by the defendant for rents since said first day of April shall not, after deduction therefrom of said commission of five per centum, be equal to the sums paid by him for repairs of said mortgaged premises since said April first, then the plaintiff is to pay to the defendant the difference between said sums so received for rents, less said commissions and said sums so paid for repairs by the defendant.

" Third, that upon payment to the defendant by the plaintiff of said first mentioned sum of twenty thousand four hundred and seven dollars and twenty-nine cents, and interest from the first day of June last past, the defendant is to transfer, give and deliver up to the plaintiff the possession of said mortgaged premises described in the plaintiff's bill of complaint.

" Fourth, either party may apply to the court, in case any ques• tions shall arise as to carrying the foregoing decrees and orders into execution, for further orders and decrees; and the question as to the right of either party to recover costs against the other is hereby expressly reserved for the further order and decree of the court. But in default of the payment by the plaintiff of the sums aforesaid at the time .aforesaid, by him to be paid, the defendant shall hold and retain the premises described in said mortgage as foreclosed, wholly free, clear and discharged of said mortgage."

On October 27, 1871, the plaintiff filed a motion, setting forth that he had not paid to the defendant the sum mentioned in the first clause of the decree within the time specified therein; that his failure to pay arose from the mistake of himself and of his solicitors as to the time within which payment was to be made; and that he had the money ready to pay; and praying that the time for payment might be extended. Upon the hearing on this motion the chief justice entered the following decree :

" And now, the plaintiff having moved and petitioned the court to alter and vary the decree heretofore made and entered in said cause on the twenty-eighth day of September last, for the reasons set forth in the plaintiff's motion, and the court having fully heard the plaintiff and defendant and their evidence, thereupon and upon consideration thereof, it is ordered, adjudged and decreed as follows : in that the first clause in said decree, made on the twenty-eighth day of September last be altered, revised and changed, so that the money named therein shall be paid within sixty days from the thirtieth day of August last past, by the plaintiff to the defendant; and if said money named in said first clause of said decree to be paid by the plaintiff to the defendant, is paid or tendered to the defendant by the plaintiff within sixty days from the thirtieth day of August last past, it shall have the same effect upon the rights of all parties as if the same had been paid within the time named in said decree of September the twenty-eighth," and reported the case for the determination of the full court.

*J. G. Abbott,* for the plaintiff.

*R. D. Smith*, for the defendant.

COLT, J.   Upon this bill to redeem, a decree was obtained directing a surrender of possession and release of the mortgaged premises upon payment at a fixed time of the amount previously ascertained to be due with interest; and requiring an assignment of the claims for uncollected rent and also an adjustment between the parties of the more recent accounts for rents received, sums paid for repairs, and commissions.   The decree provided in case any questions should arise as to carrying it into execution, that either party might apply to the court for further orders and decrees, expressly reserving the question of costs for future consideration, and adding a clause that in default of payment the defendant should hold the premises as foreclosed and discharged of the mortgage.

After the time fixed for the payment of the money, upon motion of the plaintiff, alleging a failure to make payment through a mistake of his own and his solicitors, a second decree was passed, giving further time, and now the authority of the court upon motion only to alter the terms of the first decree, is questioned by the plaintiff.

It is a rule of chancery practice that after a decree has been enrolled, that is, after it has become a matter of record, there can be no rehearing on motion or petition.   This is a general rule, to which there are some exceptions, not necessary now to notice. *Thompson* v. *Goulding*, 5 Allen, 81.   A motion to vary the minutes of a decree may be sustained at any time before the decree is recorded, but not subsequently, because then it is a recorded judgment.   But this rule applies only to final decrees, which fully decide and dispose of the whole merits of the cause, and reserve no further questions for the future judgment of the court. A decree is final which provides for all the contingencies which may arise and leaves no necessity for any further order of the court to give all the parties the entire benefit of the decision.

The first decree in this case cannot be regarded as a final decree.   It provides that the defendant shall pay over certain rents, less repairs and commissions, for ascertaining the amount of which no provision is made, and requiring in case of disagreement a fur-

ther hearing by the court. The right to apply for such hearing is expressly reserved, and the important question of costs is left open. The cause was therefore open and pending at the time the decretal order was passed, and it was within the authority of the court to make it upon a hearing had upon the plaintiff's petition.