ROSE G. FORBES *vs.* JOHN F. TUCKERMAN & others.

Suffolk. March 26. — April 16, 1874. ENDICOTT, J., did not sit. AMES & DEVENS, JJ., absent.

A husband need not be made a party to a bill in equity brought by his wife under the Gen. Sts. *c.* 108, § 3, concerning her separate property.

Where an appeal is taken to this court from a decree overruling a demurrer, it is in the discretion of the justice making the decree to order the defendant to answer pending such appeal.

BILL IN EQUITY by Rose G. Forbes, wife of Robert Bennett Forbes, against John F. Tuckerman, Robert B. Forbes, Jr., James Murray Forbes, and Edith Forbes Perkins, wife of Charles Eliot Perkins, setting forth the conveyance by the plaintiff and her husband to the defendant Tuckerman of certain property in trust to pay the income to the plaintiff during life, and upon her decease to convey the property to such persons as she should appoint by her will, and, in default of appointment, to such persons as should be entitled to receive the same, had the said Robert Bennett Forbes died seised thereof intestate; that the defendant Tuckerman refused to pay over the income to the plaintiff, and that the other defendants were the only children of Robert Ben-

nett Forbes, and would be his only heirs and next of kin if he were deceased intestate. Prayer for an account, and that the defendant Tuckerman should be decreed to pay what should be found to be due from him on such account.

The defendant Tuckerman demurred, on the ground that Robert Bennett Forbes should have been made a party to the suit, and on other grounds waived at the argument. At the hearing, before *Devens*, J., the demurrer was overruled, and the defendant Tuckerman ordered to answer within thirty days. He appealed to the full court.

*W. P. Walley*, for the defendant Tuckerman. 1. The husband should have been made a party to the suit. The Rev. Sts. *c.* 77, § 4, authorized the court, in certain cases, to allow the wife to prosecute any suit in law or equity as if she were unmarried. The St. of 1845, *c.* 208, § 5, gave a wife, in relation to her separate estate, the same remedies at law and in equity as if she were unmarried. This was repealed by the Gen. Sts. *c.* 182. While it was in force *Conant* v. *Warren*, 6 Gray, 562, was decided. The Gen. Sts. *c.* 108, § 32, follow the language of the Rev. Sts., and authorize the court in certain cases to allow a married woman to sue and be sued in law or equity as if she were sole ; but § 3 of the same chapter does not follow the language of the St. of 1845, but only provides that the wife in relation to her separate property may sue and be sued as if she were sole. If in § 3 the words " sue and be sued " without the words " at law or in equity " authorize the bringing of a suit in equity as well as an action at law, the additional words " at law and in equity," in § 32 of the same chapter, have no force. The words " sue and be sued " in § 3 should be held to apply only to actions at law. Again, in relation to her separate estate a wife must sue at law alone. *Hennessey* v. *White*, 2 Allen, 48. She may join her husband in equity. *Burns* v. *Lynde*, 6 Allen, 305. But " may sue alone " cannot mean one thing at law and another in equity. These cases, then, can only be reconciled by putting the second decision on the ground that the words " may sue alone " apply only to actions at law ; if so, Mrs. Forbes could not bring this suit in equity alone.

2. The defendant should not have been ordered to answer pending the appeal to this court from the decree overruling the

demurrer. The Gen. Sts. *c.* 113, § 8, provide that an appeal from a final decree shall stay all proceedings under such decree; § 10, that an appeal from an interlocutory decree shall not suspend the execution of the decree nor transfer to the full court the entire cause. Under this statute a decree overruling a demurrer is a final decree. Originally, a decree allowing or overruling a demurrer was the end of the suit; the plaintiff could not amend or the defendant answer unless by leave of court; afterwards the practice came to be to allow the bill to be amended or an answer filed, as of course; now the same is allowed under rule of court. But the decree overruling a demurrer, though now not in fact a final decree under the rules, is a final decree as opposed to an interlocutory decree under the statutes. The court cannot by rules change the statutes. *Trim* v. *Baker*, 1 Sim. & Stu. 469. *Smith* v. *Barnes*, Dick. 67. *Watkins* v. *Bush*, Dick. 701. *Coningsby* v. *Jekyll*, 2 P. Wms. 300. *Baker* v. *Mellish*, 11 Ves. 68. *Tyler* v. *Bell*, 2 Myl. & C. 89. *Schneider* v. *Lizardi*, 9 Beav. 461. *Attorney General* v. *Tudor Ice Co.* 104 Mass. 239. If the decree determines all the questions in issue and does not adjourn any matter whatever for further consideration, it is a final decree. 1 Seton on Decrees, 1, 2. 1 Dan. Ch. Pract. (5th Eng. ed.) 850, 855. Goldsmith's Proceedings in Eq. 401, 402, 508. The sections relating to appeals in the Gen. Sts. *c.* 113, are taken mainly from the St. of 1859, *c.* 237. It is submitted that by the words "interlocutory decrees" in the Gen. Sts. *c.* 113, § 10, the legislature meant interlocutory decrees, as defined in the St. of 1859, *c.* 237, § 4, namely, those "granting or refusing an injunction, or appointing or refusing to appoint a receiver." The Gen. Sts. *c.* 113, § 10, further provide that an appeal from an interlocutory decree shall not transfer to the full court the entire cause; at the time of the passage of this act, an appeal from a decree overruling a demurrer did transfer to the full court the entire cause. It seems, therefore, that the legislature did not consider such a decree interlocutory. An appeal from a decree overruling a demurrer has, by the uniform practice of the court, operated as a stay of all further proceedings in the suit until the appeal was determined. The court have, by this practice, construed the statute. A different practice will result in great inconvenience.

*W. S. Gardner & C. E. Stratton,* for the plaintiff, were not called upon.

GRAY, C. J. The reasons upon which the English courts of chancery have required the husband to be made a party to a suit by the wife in relation to her separate property, are because he may have an interest in the property himself, and because he is the lawful. protector of her interests. Story Eq. Pl. § 63. Neither reason is applicable to this case.

The suit is brought by the wife for income payable to her by the terms of the indenture of trust under which the appellant holds the property. The demurrer, so far as it was based on the husband's interest in the property, or on his having been a party to the indenture, was waived at the argument. And the making him a party to the bill, merely because he is the plaintiff's husband, has been dispensed with by our statutes.

The earliest statutes which enlarged the wife's powers over her property expressly enabled her to commence, prosecute and defend suits in equity as well as at law. Rev. Sts. c. 77, § 4; reënacted in Gen. Sts. c. 108, § 32. St. 1845, c. 208, § 5. Under those statutes, it is indisputable that her husband need not have been made a party, unless he had an interest in the property. *Conant* v. *Warren*, 6 Gray, 562. The later statutes, making her independence in regard to property more complete, and authorizing her, in general terms, " to sue and be sued in all matters relating to her property in the same manner as if she were sole," cannot by any reasonable construction be taken to give her a less extensive power to assert and defend her rights in court ; but at law oblige, and in equity permit her to sue alone, when no interest of her husband is involved. Sts. 1855, c. 304, § 4 ; 1857, c. 249, § 3. Gen. Sts. c. 108, § 3. *Hennessey* v. *White*, 2 Allen, 48. *Burns* v. *Lynde*, 6 Allen, 305. The demurrer was therefore rightly overruled.

The appellant further contends that the order overruling the demurrer was a final decree, and that he could not therefore be required to answer over pending his appeal from that order. But this position is founded on a misapprehension of the statute which regulates proceedings in chancery.

By that statute, cases in equity, and motions and other applications therein, whether interlocutory or final, are to be heard and determined in the first instance by one justice ; from all his decrees any party aggrieved may appeal to the full court ; if the

decree appealed from is a final decree, all proceedings under it are stayed until the determination of the appeal, but the justice who made it may pass such orders as are needful for the protection of the rights of the parties meanwhile, subject to be modified or annulled by the full court on motion; if the decree appealed from is interlocutory, the appeal does not suspend its execution, or transfer the rest of the case to the full court; all interlocutory orders not appealed from are open to revision on appeal from the final decree, so far as the latter is erroneously affected thereby; and if the justice making any interlocutory decree or order is of opinion that it so affects the merits of the controversy that the matter ought to be determined by the full court before further proceedings are had, he may report the question for that purpose and stay further proceedings. Gen. Sts. *c.* 113, §§ 6–12. In short, the final decree of a single justice is not, if appealed from, to be carried into execution until affirmed by the full court; but an appeal from any interlocutory order is not to delay the progress of the cause before one justice, except at his discretion; and when an objection is interposed, which in his opinion has no merits, it is his duty to proceed to a final determination.

No decree is a final one, which leaves anything open to be decided by the court, and does not determine the whole case. Even an order allowing or sustaining a demurrer is not a final decree, unless, in terms or effect, it dismisses the bill and puts the case out of court. *De Armas* v. *United States*, 6 How. 103. *Merchants' Bank* v. *Stevenson*, 7 Allen, 489. *McElwain* v. *Willis*, 3 Paige, 505. *Baker* v. *Mellish*, 11 Ves. 68. When a demurrer is overruled, a final decree for the plaintiff is not entered of course, but the defendant, upon proper application, where there is no rule of court upon the subject, may have leave to answer. *Trim* v. *Baker*, Turn. & Russ. 253. 1 Dan. Ch. Pract. *c.* 14, § 6, & Amer. note. By the twelfth rule in chancery of this court, if a demurrer is overruled, the defendant shall proceed to answer the bill, and if he fails to do so within a certain time, the plaintiff may enter an order that the bill, or so much thereof as is covered by the demurrer, be taken for confessed, and the matter thereof may be decreed accordingly, unless good cause appear to the contrary. 104 Mass. 570. A similar rule, copied from an earlier rule of the Supreme Court of the United States, has been in force

and constantly practised upon in this Commonwealth ever since 1840; 7 Wheat. x; 24 Pick. 415; 14 Gray, 357; and must be deemed to have been in the contemplation of the legislature when they framed the General Statutes.

Indeed the counsel for the appellant relies upon this rule so far as to claim the right to answer over after the overruling of his demurrer by the full court; and frankly maintains that an order overruling a demurrer is not such a final decree as to terminate the whole controversy or preclude him from making a full defence to the suit upon its merits, and yet is a final decree in such a sense as to exhaust the power of a single justice over the cause until the appeal from that order is determined. But it is well settled by the highest authorities that even when an order overruling a demurrer is followed by an order taking the bill for confessed, and referring the cause to a master for an account according to the prayer of the bill, neither is a final decree in any sense, but a mere interlocutory order in favor of the plaintiff, and on the return of the master's report the final decree may be the other way. *Smith* v. *Eyles*, 2 Atk. 385. *Bank of United States* v. *White*, 8 Pet. 262. *Perkins* v. *Fourniquet*, 6 How. 206, and 16 How. 82. *Pulliam* v. *Christian*, 6 How. 209. *Beebe* v. *Russell*, 19 How. 283. *Gerrish* v. *Black*, 109 Mass. 474.

The necessary conclusion is, that it was within the discretion of the justice who overruled the demurrer, to order the appellant to answer notwithstanding his appeal, and that such discretion was wisely exercised in this case.                    *Order affirmed.*