Donaldson & Tussing, for Defendant.

---

(Hamilton County Common Pleas Court.)

JOHN WILEY v. MARTIN J. LEWIS et al.

---

*What constitutes a judgment—Control of a court over its own judgments during the term.*

1. To constitute a judgment under our code, the same must be entered of record before it has any validity.

2. The court has full power and control over its own judgment during the term, and may vacate, modify or totally disregard its oral opinion or judgment.

---

DAVIS, J.

December 3, 1896, a trial was had on the merits in the above cause. At the conclusion of the trial the court (Buchwalter, J.) announced orally his decision, and ordered counsel in the case to prepare an entry in accordance with the announcement. December 16, 1896, counsel for plaintiff filed a motion for re-argument; on December 22, 1896, the defendant filed a motion and an affidavit in support of his motion. The object of this last motion was to have an entry made in accordance with the oral announcememnt of Judge Buchwalter, of the date of December 3, 1896. The motion for re-argument was heard December 22, 1896, the attorneys of all parties participating in the argument. The court sustained said motion for re-argument and heard additional testimony and made certain orders; to the sustaining of said motion and making certain orders defendants excepted. No action was ever taken upon the motion of plaintiff requesting that the oral decision of the court of December 3, 1896, be entred of record. In support of said motion of the defendants to have said oral decision entered, several affidavits were filed during the months of January and February, 1897, and several counter-affidavits were filed by the plaintiff from December 22, 1896, to February 8, 1897, and the whole case was held under advisement by the court. February 8, 1897, a written memorandum opinion was made by Judge Buchwalter in the case, and thereupon an entry was drawn up in accordance with said written memorandum opinion, and the same was entered of record February 8. 1897. Thereupon the defendants filed three motions on February 8, 1897, as follows:

1. Motion for a new trial.

2. To strike out entry of February 8, 1897.

3. To strike out from the plats attached to defendant's pleadings certain additions thereto.

The defendants by counsel now insist that the motion of December 22, 1896, be sustained, and the oral opinion of Judge Buchwalter be entered by order nunc pro tunc as the judgment of the court, and that the motion to strike out the entry of the date of February 8, 1897, be sustained, the motion for a new trial being withdrawn by the defendants and is therefore not to be considered. The difference between the oral opinion delivered by Judge Buchwalter, December 3, 1896, and the judgment entered February 8, 1897, is, that the judgment of February 8, 1897, gives to the plaintiff one-half acre more land than the oral opinion did. It is contended by the counsel for the defendants, that the oral opinion was the judgment of the court, and that is the only judgment that can be entered. This brings us to the consideration of two questions:

1. What is a judgment?

2. What power has a court over its own judgment, before it is entered of record?

Sec. 5310 of Rev. Stats., defines a judgment as follows: "A judgment is the final determination of the rights of the parties in action."

By the same section an order is defined as follows. "And a direction of a court or judge, made or entered in writing, and not included in a judgment, is an order."

The common law definition of a judgment is as follows: "The decision or sentence of the law pronounced by a court or other competent tribunal upon the matter contained in the record." Freeman on Judgments, Sec. 2. The same author, at Sec. 38, says: "Expressions occasionally find their way into reports and text books, indicating that the entry is essential to the existence and force of the judgment." * * *. "The rendition of a judgment is a judicial act; its entry upon the record is merely ministerial. A judgment is not what is entered, but what is ordered and considered." * * *. "While its entry of record is not indispensable to a judgment, a judgment is essential to the validity of an entry."

It is to be observed that all the definitions given above by Freeman, are common law definitions. The court is of the opinion that in Ohio, and under the first paragraph of Sec. 5310 of the code, that the order or entry must be in writing and entered on the minutes of the court before it is a judgment in contemplation of law.

In the case of State v. Hamilton county, the supreme court in 5 Ohio, part 1, pages 13 and 15, has said: "No proceedings, orders, judgments or decrees of either of said courts shall be in force or valid until the same be so recorded and signed. Under this section the order of appointing a clerk, as well as any other operative order of the court, must be entered upon the minute book, and until so entered and the minute book signed by the presiding judge, it can not be in force or valid."

The oral opinion rendered December 3, 1896, was a good judgment under the common law, and an execution could be issued on the same; but under the code and practice in Ohio, no execution could be issued until the same was entered of record.

The clause defining an "order" in Sec. 5310 reads: "And a direction of a court or a judge made or entered in writing, and not included in a judgment is an order." This shows clearly and conclusively that an order must be in writing. A final and solemn act of the court should, to say the least, be as formal, and entered of record before it could have validity as a final judgment. 5 Ohio, 447; 3 Ohio, 553.

The oral opinion, given December 3, 1896, was a judgment at common law, but notwithstanding that, the court under the rules and practice at common law would have the right to vacate or modify the same. "Where the court pronounces his decision orally, or in writing, it is completely under his control until his final decree has been filed for record or recorded, and prior to that time he may alter, amend, or even disregard all that he has declared in his oral announcement or minutes." 5 En. of Pleading and Practice, 1046; 5 Col., 433; 65 Ill., 245; 73 Ia. 186; 32 F. R., 130, 139; 109 Mass., 474 477; Black on Judgments, Sec. 155; Freeman on Judgments, Secs. 69 and 70.

The court at a subsequent time, upon a motion made during the term, can vacate or modify a judgment. 2 Ohio, 246; 9 Ohio St., 508; 3 Ohio St., 445; 49 Ohio St., 370.