JUSTINA M. A. DEFERRARI *vs.* JOSEPH R. DEFERRARI.

Suffolk.     December 4, 1914. — December 31, 1914.

Present: RUGG, C. J., BRALEY, SHELDON, DE COURCY, & CROSBY, JJ.

*Marriage and Divorce. Husband and Wife. Superior Court. Probate Court. Judgment. Child. Guardian.*

R. L. c. 152, § 17, gives the Superior Court full jurisdiction, where after the hearing of a libel for divorce the conclusion is reached that a divorce should not be granted but that there ought to be a temporary separation of the parties or a maintenance of the wife separate and apart from the husband, to deal

with the case as the interests of the parties may require and to make orders for the separate maintenance of the wife and the custody and support of minor children, which while in force shall supersede any order or decree of the Probate Court under R. L. c. 153, § 33.

A decree of the Probate Court appointing a man and his wife joint guardians of their minor child is superseded, so far as it relates to the custody of the child, by a decree of the Superior Court, made in a divorce suit brought by the wife more than a year later, awarding to the wife the care and custody of such minor child and ordering the husband to make certain payments for the support of his wife and child.

Under R. L. c. 152, §§ 16, 17, 25–28, the Superior Court, when a man and his wife are before it as the parties to a libel for divorce, becomes the court of domestic relations in matters affecting the welfare of the family and the care, custody and support of minor children.

RUGG, C. J.  This is a libel for divorce.  It was heard at length by a judge of the Superior Court, who found that the evidence in behalf of the libellant failed to establish the allegations of her libel, and that the libellant had not been guilty of marital wrong toward her husband.  But he did find "that the libellee's conduct toward and treatment of his wife has been such as to justify her in living apart from him and that she is now living apart from him for justifiable cause."  Thereupon a decree was entered, which is printed in a footnote.*  The libellee took exceptions to the rulings of the trial judge and appealed from this decree. After the entry of the decree the libellant filed a petition praying that the libellee be adjudged in contempt of court for failure to comply with the terms of the decree.  The judge of the Superior Court before whom this petition was heard found that the libellee was in contempt and, continuing the case for judgment, reported

---

* "This case came on to be heard at this sitting and was argued by counsel; and thereupon upon consideration thereof it is ordered, adjudged and decreed that said libel be continued on the docket of said court and that the libellant have the care and custody of her minor child, Giovanni B. DeFerrari, from the first day of July to the twentieth day of September in each year and for a week at the Christmas holidays in each year and that the libellee have the care and custody of said minor child for the remainder of each year hereafter; that the libellee be hereby prohibited from imposing any restraint on the personal liberty of the libellant; that the libellee pay to said libellant for the support of herself and her said minor child the sum of two thousand dollars ($2,000) forthwith and the further sum of ten dollars ($10) each week hereafter, except that for those weeks in which the libellant shall have the care and custody of the said minor child the libellee shall pay her the sum of fifteen dollars ($15) each week."

it, if he had authority to do so, to this court for determination of questions of law raised at the hearing before him.

It is not necessary to decide whether the exceptions taken at the trial were prematurely entered, *Weil* v. *Boston Elevated Railway*, 216 Mass. 545, nor whether an appeal lies at this stage from the decree, *Oliver Ditson Co.* v. *Testa*, 216 Mass. 123, nor whether a proceeding for contempt can be reported, *Newton Rubber Works* v. *de las Casas*, 198 Mass. 156, for, if it be assumed in favor of the libellee that all the substantive questions argued by him are before us properly, it does not appear that he has been prejudiced by any error of law.

The libellee contends that, when it had been found as a fact that neither the allegations of the libellant nor the counter charges of the libellee had been proved, the only decree which legally could have been entered was one dismissing the libel, and that the court had no jurisdiction to deal with the case in any other way. Whether this is sound or not depends on the meaning of R. L. c. 152, § 17.*

This section is comprehensive in its terms. It does not appear to be restricted in its operation to any particular stage of the proceedings. According to the strict interpretation of the phrase in which jurisdiction is conferred, it appears to be an alternative to the entry of a decree for divorce. The three preceding sections had conferred ample power during the pendency of the libel to require the payment of alimony, to protect the wife from the restraint of the husband and to make provision for the custody of the children. Section 17 would add little to the jurisdiction conferred by these three earlier sections if its scope was so narrow as the libellee contends. It deals broadly with the subject of separate maintenance. Its

---

* That section is as follows: "The court may, without entering a decree of divorce, cause the libel to be continued upon the docket from time to time, and during such continuance may make orders and decrees relative to a temporary separation of the parties, the separate maintenance of the wife and the custody and support of minor children. Such orders and decrees may be changed or annulled as the court may determine, and shall, while they are in force, supersede any order or decree of the probate court under the provisions of section thirty-three of chapter one hundred and fifty-three, and may suspend the right of said court to act under the provisions of said section."

purpose appears to be to provide exclusively for that matter so far as it goes.   It excludes the Probate Court by reference to R. L. c. 153, § 33.   Interpreting the section according to its natural meaning and in connection with its context, it confers upon the Superior Court full jurisdiction in cases where, after a hearing upon a libel, the conclusion is reached that the divorce ought not to be granted, but that there ought to be a temporary separation of the parties or a maintenance of the wife separate and apart from the husband, to deal with the case as the interests of the parties in the light of all the evidence may require.   This procedure is in accordance with the requirements of prompt, adequate and efficient administration of justice.   It would be unfortunate in such case for the Superior Court, after having heard the whole case, to find itself powerless to afford the remedy which the evidence requires simply because jurisdiction of that particular phase of domestic relations was vested in another tribunal.   Such a conclusion ought not to be reached unless made imperative by the plain words or necessary implication of the statute.   It is required by neither in this case.   The question of separate maintenance is not the direct issue always involved in a libel for divorce.   But commonly the hearing in a contest takes a broad range and at its end the magistrate usually is in a position to determine what course ought to be followed.   The decree entered was within the jurisdiction of the Superior Court and warranted by the facts found.

The questions of law raised by the libellee upon the petition for contempt are decided adversely to his contentions in substance by what has been said.   His chief reliance was on the invalidity of the decree.   But that was within the jurisdiction of the Superior Court.   He offered in evidence a decree of the Probate Court entered something more than a year before the libel was filed, whereby the father and mother were appointed joint guardians of their minor child, detailed provision was made for the months of the year when he should be with each parent and as to the amount to be paid by the father for his support while he was with his mother.   In the nature of things a decree of such character for the custody of a minor child is subject to revision by a court of competent jurisdiction as the best interests of the child may demand.   While the Superior Court has no jurisdiction

to appoint a guardian to have the care of the property of a minor, *Stone* v. *Duffy*, 219 Mass. 178, it is clothed by the statute with extensive powers to deal with the custody of minor children of whose parents it has acquired jurisdiction for purposes of divorce. The statutory provisions in this regard are ample. R. L. c. 152, §§ 16, 17, 25–28. The Superior Court becomes the court of domestic relations touching the welfare of the family when the father and mother are before it on a libel for divorce. So much of the decree of the Probate Court as related to the custody of the child had been superseded by the subsequent decree of the Superior Court covering that matter. Hence, it afforded no excuse for the libellee's failure to comply with the decree of the Superior Court.

*Cause remanded to the Superior Court for judgment.*

*L. R. Chamberlin,* for the libellant.
*W. H. Irish,* for the libellee.

