LEXINA C. PEASE *vs.* OSCAR E. PEASE.

Suffolk. January 12, 1921. — March 3, 1921.

Present: RUGG, C. J., DE COURCY, CROSBY, PIERCE, & JENNEY, JJ.

*Probate Court,* Jurisdiction. *Marriage and Divorce. Husband and Wife. Superior Court.*

The mere filing by a husband of a libel for divorce in the Superior Court does not deprive the Probate Court of jurisdiction of a petition by the wife for separate maintenance previously filed, and, no order having been made by the Superior Court, the Probate Court may hear the petition and enter a decree awarding to the wife custody of a minor child of the parties and directing the husband to make stated payments for the support of the wife and child.

PETITION for separate maintenance, filed in the Probate Court for the county of Suffolk on January 16, 1920.

In the Probate Court, the petition was heard by *Prest,* J. Material evidence and rulings of the judge are described in the opinion. A decree was entered for the petitioner; and the respondent appealed, the material facts being reported at his request under St. 1919, c. 274.

*O. E. Pease, pro se,* submitted a brief.

*C. F. Eldredge,* for the petitioner.

RUGG, C. J. This is a petition brought in the Probate Court by a wife under R. L. c. 153, § 33, alleging that she is living apart from the respondent, her husband, for justifiable cause and praying for suitable orders concerning her separate support and the care and maintenance of their minor child. A few minutes before

the case came on to be heard the respondent filed a libel for divorce from his wife. He then objected to the introduction of any evidence at the hearing in the Probate Court on the ground that that court had been divested of jurisdiction to hear further the wife's petition for separate maintenance by the fact of the filing by him of the libel for divorce in the Superior Court. His objection was overruled, the Probate Court proceeded and found flagitious misconduct on the part of the husband and that the wife was living apart from him for justifiable cause, and ultimately entered a decree awarding custody of the minor child to the wife and ordering the husband to make stated payments for the support of the wife and child.

The mere filing of a libel for divorce by the husband under the circumstances here disclosed did not strip the Probate Court of jurisdiction to proceed to a final decision of the petition for separate maintenance theretofore brought by the wife and ripe for hearing. The Probate Court was the appropriate and perhaps the only forum to which the wife could resort for a redress of her grievances. That court had jurisdiction of her petition. R. L. c. 153, § 33. The Superior Court has exclusive jurisdiction of libels for divorce. R. L. c. 157, § 3. The Superior Court might, if its jurisdiction in that particular had been invoked, make an order or orders, during the pendency of the libel concerning the separate maintenance and the custody and support of minor children. R. L. c. 152, §§ 17, 18. When the Superior Court puts forth its power under these sections it becomes the court of domestic relations and its orders supersede those theretofore made by the Probate Court and may suspend the right of the Probate Court to act under R. L. c. 153, § 33. *De Ferrari* v. *De Ferrari,* 220 Mass. 38. Such right of the Probate Court is not suspended until the Superior Court acts. Since the Superior Court did not take any action in the case at bar, there was no reason why the Probate Court should not proceed to the conclusion of the matter pending before it.

*Decree affirmed.*