### GEORGE F. MALCOLM *vs.* MAUDE E. MALCOLM.

Middlesex.    September 16, 1926. — October 14, 1926.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & SANDERSON, JJ.

*Probate Court,* Decree, Divorce proceedings.    *Marriage and Divorce.*

After hearing a libel by a husband for divorce on the ground of cruel and abusive treatment, a judge of the Probate Court, without a finding that the divorce ought not to be granted, without a finding that the libellant's conduct had been such as to justify the libellee in living apart and that she was then living apart from him for justifiable cause, and without a finding that the libel was sustained by the evidence or otherwise, ordered a decree which was entered in the following form: "It is decreed that said libel be continued on the docket and that the said libellant pay to the said libellee . . . [a certain sum] until the further order of the court." *Held,* that

(1) The decree was not a final decree: distinguishing *DeFerrari* v. *DeFerrari,* 220 Mass. 38;

(2) The libel still was pending and the judge had authority to receive in his discretion any pertinent and relevant evidence in support of a motion or petition of the libellant to reopen the case for further consideration.

LIBEL for divorce filed in the Probate Court for the county of Middlesex on March 18, 1925.

Proceedings in the Probate Court before *Leggatt,* J., and the libellant's appeal are described in the opinion.

The case was submitted on briefs.

*B. A. Brickley & W. E. Brownell,* for the libellant.

*L. Withington,* for the libellee.

PIERCE, J.   This is an appeal filed by a libellant as of December 24, 1925, by consent of the libellee and with the allowance of the judge of probate for the county of Middlesex, from a decree of said judge, entered in the Probate Court for said county on December 23, 1925, whereby said judge dismissed a petition of one George F. Malcolm of Newton in the county of Middlesex "praying for a rehearing of his libel for divorce and that the court hear certain newly discovered evidence which he offered."

The facts disclosed in the report of the judge of probate in substance are as follows: March 18, 1925, one George F. Malcolm filed in the Probate Court for the county of Middlesex a libel for divorce against his wife, Maude E. Malcolm, alleging cruel and abusive treatment.   A hearing was had on said libel, and the judge of probate, without a finding that the divorce ought not to be granted; without a finding that the libellant's conduct had been such as to justify the libellee in living apart and that she was then living apart from him for justifiable cause, G. L. c. 209, § 32, *DeFerrari* v. *DeFerrari,* 220 Mass. 38; and without a finding that the libel was sustained by the evidence or otherwise, *Waterhouse* v. *Waterhouse,* 225 Mass. 228, ordered a decree which was entered on June 18, 1925 in the following form: "It is decreed that said libel be continued on the docket and that the said libellant pay to the said libellee as alimony the sum of $1,500 on the first day of July, A.D. 1925, and the further sum of $1,500 on the first day of each and every month thereafter until the further order of the court."

Thereafter, on October 3, 1925, the libellant filed in said case a petition wherein was set out at length the proceedings theretofore had, the decree above quoted, and allegations that "no final decree has ever been entered on said libel," that in a desire "to refrain from unnecessarily derogating the character and reputation" of the libellee and of a third person and acting on the advice of his counsel he did not present evidence in substantiation of the allegations of the libel, a part of which concerned charges of "intimate relations existing between . . . [the] petitioner and the libellee together with correspondence between said libellee and a third person"; that since the hearing "certain evidence not available to him at the time of said hearing" has been discovered, which evidence could not have been discovered by the exercise of reasonable diligence; and that "a true and complete presentation of the real facts will materially alter the character of the evidence heretofore presented." The petition further stated that, because of the nature of the evidence the petitioner "desires to present he will refrain from attaching hereto affidavits referring thereto until ordered so to do, but is now and at all times will be ready and willing so to do when ordered by this Honorable Court." In relation to the nonfiling of affidavits the parties filed the following stipulation: It is "stipulated and agreed by and between the parties that counsel for said Maude E. Malcolm [the libellee] will not argue or contend that said petition is defective as a matter of form by reason of the absence of affidavits in support of said petition." To this petition the libellee demurred and also filed a motion to dismiss.

On December 23, 1925, the judge, after argument but without hearing evidence, sustained the demurrer and dismissed the petition, for the reason, as stated in substance in the report, that the facts alleged in the petition did not warrant setting aside said decree, and "for the further reason that the decree of June 18, 1925, being a final decree, I had no right as a matter of law to hear any further evidence."

The question presented is, Was the decree of June 18, 1925, ordering a continuance and the payment of alimony, a final decree?

It is plain this court on appeal may examine the so called decree and determine its nature and quality, without regard to the way the decree was treated below. "A decree is final which provides for all the contingencies which may arise and leaves no necessity for any further order of the court to give all the parties the entire benefit of the decision." *Gerrish* v. *Black*, 109 Mass. 474, 477. "No decree is a final one, which leaves anything open to be decided by the court, and does not determine the whole case. Even an order allowing or sustaining a demurrer is not a final decree, unless, in terms or effect, it dismisses the bill and puts the case out of court." *Forbes* v. *Tuckerman*, 115 Mass. 115, 119. *Churchill* v. *Churchill*, 239 Mass. 443, 445. "A motion to vary the minutes of a decree may be sustained at any time before the decree is recorded." *Gerrish* v. *Black, supra.* The judge, after hearing the evidence and before decision, undoubtedly had authority to continue the libel for consideration and determination. Pending his decision he could require the libellant to pay money into court for the use of the libellee in defending the libel, and also order the payment of a sum reasonable in amount as alimony. G. L. c. 208, § 17. Such a decree could be reversed or modified upon petition of either party relative to the amount of such alimony and the payment thereof. G. L. c. 208, § 37. G. L. c. 209, § 32. *Knapp* v. *Knapp*, 134 Mass. 353. *Williamson* v. *Williamson*, 246 Mass. 270.

Applying the law to the facts, it appears that upon the libel itself no finding of fact was made by the judge and no decree in terms other than one which concerns the award of alimony has been ordered and entered. In the absence of any finding on the evidence it cannot be inferred from the order for continuance of the libel, as the libellee contends, that the judge denied the libel and continued the case under G. L. c. 208, § 20. The findings in *DeFerrari* v. *DeFerrari, supra,* that the evidence in behalf of the libellant failed to establish the allegations of the libel, and that the conduct of the libellee was such as to justify the libellant in living apart from him, distinguish and make the decision in that case inapplicable to the case at bar.

The libel standing undetermined when the petition was filed and when it was dismissed, it is evident that there was not then a final decree to bar a reopening and rehearing of the libel.   It follows that the judge erred in his ruling that the action of June 18, 1925, constituted a final decree which inhibited his reception of the proffered evidence.   It further follows that the libel is still pending and that the judge has authority to receive in his discretion any pertinent and relevant evidence in support of the motion or petition of the libellant to reopen the case for further consideration. The decree dismissing the petition must be reversed.

*Decree accordingly.*