## CHARLES W. SAWYER vs. ELLEN MACKIE.

Suffolk.   March 19, 1889. — May 11, 1889.

Present: MORTON, C. J., FIELD, DEVENS, W. ALLEN, & HOLMES, JJ.

*Assessment of Taxes on Real Estate — Deceased Owner — "Person."*

Taxes on real estate must be assessed, under the Pub. Sts. c. 11, § 13, to the living owners of real estate; and an assessment to a person deceased, who owned such real estate at his death, is illegal and void.

WRIT OF ENTRY to recover a parcel of land in South Boston. Plea, *nul disseisin.* Trial in the Superior Court, before *Blodgett,* J., who allowed a bill of exceptions, in substance as follows.

The demandant claimed title under two tax collector's deeds, dated in 1885 and 1886, respectively. The statutory requirements necessary to the validity of these deeds were admitted by the tenant to have been complied with, except in regard to the person to whom the assessments were made. These assessments were made in 1884 and 1885, respectively, to John O. Bradford, a resident of the State of New York, who acquired title to the property in 1862, and retained it until his death in 1879. At the dates of the assessments, there was in this Commonwealth no record of his death; no probate proceedings had been instituted upon his estate; there was no evidence that the assessors had received any notice of his death; and the title stood in his name at the registry of deeds. The tenant was in possession of the land on May 1, 1884, and also on May 1, 1885. The demandant contended that, the assessments having been made to Bradford, the person appearing of record as the owner of the land, he should be held to be the true owner thereof for the purposes of assessing and collecting the taxes, and that the assessments to him were consequently valid.

The judge ruled that, inasmuch as Bradford was dead, no valid assessment could be made to him, and directed a verdict for the tenant; and the demandant alleged exceptions.

*J. P. Treadwell & E. B. Hagar,* for the demandant.
*R. Lund & M. J. Creed,* for the tenant.

MORTON, C. J.   Our statutes provide that, "for the purpose of assessing and collecting taxes, the persons appearing of record as owners of real estate shall be held to be the true owners thereof.   Taxes on real estate shall be assessed, in the city or town where the estate lies, to the person who is either the owner or in possession thereof on the first day of May."   Pub. Sts. c. 11, § 13.* The natural and obvious meaning of the word " person " is a living human being.   When the statutes speak of a person who has died, they speak of him as a " person deceased," or a " deceased person."   A dead man cannot be the owner of property.   We see no reason to suppose that the statute above cited intends to use the words " persons " and " owners " in any other than their usual sense.   The clause first cited was designed to meet the cases where real estate has been conveyed by deeds which are not recorded before the first day of May.   The subsequent sections of the statute make provision for assessing the estates of persons who have died before the first of May.   Pub. Sts. c. 11, §§ 18, 19.   Undoubtedly it will sometimes happen that the assessors will fail to receive information of the death of a former owner of real estate, but the statutes provide for such a contingency by giving them the right to reassess the taxes to the person who is taxable.   Pub. Sts. c. 11, §§ 79, 80.   We are therefore of opinion that the assessments of the taxes upon the premises in question for the years 1884 and 1885 to John O. Bradford, who died in 1879, were illegal, and that the Superior Court rightly directed a verdict for the tenant.

*Exceptions overruled.*

* See St. 1889, c. 84.