MARY A. E. TOBIN & another *vs.* MARY A. GILLESPIE.

Suffolk.   January 23, 1890. — September 5, 1890.

Present: FIELD, C. J., DEVENS, W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Taxes — Assessment to Heirs or Devisees — Laches.*

If a testator's real estate has duly vested in his devisees, who are not his heirs, by the probate and allowance of his will, taxes thereon are not lawfully assessable to the heirs of the testator under the Pub. Sts. c. 11, § 18, which provide for such assessment to the heirs or devisees of a deceased person, until notice is given of the division of the estate and of their several names; and sales thereafter of such real estate for the non-payment of taxes assessed to such heirs are invalid.
Laches is not a defence to a bill in équity to annul a collector's deed of land sold for the non-payment of taxes as being a cloud upon the plaintiff's title, although title to the land acquired by adverse possession would be a defence.

FIELD, C. J.   This is a bill in equity, filed February 26, 1889, by Mary A. E. Tobin, a daughter of John Tobin, deceased, and by Bridget Tobin, his widow, against Mary Ann Gillespie, for the purpose of removing a cloud from the titles of the plaintiffs to land resulting from alleged sales thereof for taxes.   In 1873, 1874, 1875, and 1876, taxes on the land were assessed to the " John Tobin heirs," and sales were made in 1874, 1875, 1876, and 1877, of the land for the non-payment of these taxes, except that in 1875 the sale was of one undivided half of the land.   Mrs. Julia Martin was the purchaser at all these sales except that of 1876, when John C. Crowley was the purchaser, and deeds were duly delivered to her and to Crowley.   Crowley conveyed his title to Mrs. Martin on November 23, 1876.   Mrs. Martin conveyed her · title to Mary Ann Gillespie on April 19, 1887.   At the time when the taxes were assessed for the payment of which the sales of the land were made, Mrs. Martin owned two undivided third parts of the land, as devisee of John Tobin, whose will was duly admitted to probate on February 14, 1870 ; Bridget Tobin, the widow of John Tobin, owned one undivided forty-eighth part as heir of her son, Walter Tobin, who received his title by conveyance from Ann Connolly; Mary A. E. Tobin, Robert Tobin, and John Tobin, children of John Tobin and Bridget Tobin, owned one undivided twelfth part each by conveyance

from Ann Connolly, and one undivided forty-eighth part each as heirs of Walter Tobin. Mrs. Martin, as devisee of John Tobin, also owned a leasehold estate which had been created by Robert Tobin in a part of the premises, and Bridget Tobin, having waived the provisions of her husband's will, had a right of dower in all that part of the land which was held in fee by Mrs. Martin. Mr. Ranney held a mortgage, which had been given by John Tobin, upon one undivided half of the land, to which Mrs. Martin's title to said one half was subject, and in this mortgage Mrs. Tobin had released all right of dower and homestead. All the titles except those of Mr. Ranney and of Mrs. Martin were subject to the leasehold estate, which was an estate for twenty years from March 9, 1860, in a piece of the land "about twelve feet square." Mr. Ranney entered to foreclose his mortgage for breach of condition thereof on October 14, 1872, and duly made and recorded a certificate of such entry, and the foreclosure became absolute on October 14, 1875, unless this result was prevented by the intervening sales for the payment of taxes. Mr. Ranney conveyed his title to Mary A. E. Tobin on April 24, 1888, and Robert Tobin and John Tobin, two of the children of Mr. and Mrs. John Tobin, conveyed their titles to her on June 27, 1888.

We assume that all the deeds were duly recorded. If the tax deeds are void, and the foreclosure of the mortgage held by Mr. Ranney is valid, the defendant is now entitled to one undivided sixth part of the land; Mary A. E. Tobin is entitled to thirty-nine undivided forty-eighth parts, and Bridget Tobin is entitled to one undivided forty-eighth part, and she has a right of dower in one undivided sixth part of the land. If any of the tax deeds of 1874, 1876, and 1877 is valid, the defendant owns the whole land; and if only that of 1875 is valid, she owns one undivided half of the land. Whether Mrs. Martin must not be considered as having purchased at the tax sales for the benefit of her cotenants as well as of herself, and whether the defendant has any greater rights as against the plaintiffs than Mrs. Martin, need not be determined. It appears that there is a dwelling-house upon the land, and that "the plaintiffs and the defendant live in different parts thereof, the plaintiffs living in the first story and the defendant in the second story, the third story

being occupied by tenants of the defendant." At the time when John Tobin died, which was on January 13, 1870, he owned two undivided third parts of the land and the lease subject to the mortgage held by Mr. Ranney, and his children owned the remaining third, subject to this lease.

Section 18 of the Pub. Sts. c. 11, which is the same as the Gen. Sts. c. 11, § 10, is as follows: " The undivided real estate of a deceased person may be assessed to his heirs or devisees without designating any of them by name, until they have given notice to the assessors of the division of the estate, and of the names of the several heirs or devisees; and each heir or devisee shall be liable for the whole of such tax, and when paid by him he may recover of the other heirs or devisees their respective portions thereof." When the taxes in this case were assessed, it appeared of record in the probate office, and in the registry of deeds, that the real estate which belonged to John Tobin, deceased, being two third parts of the whole parcel, had vested in Mrs. Martin as his devisee, and that none of it had descended to his heirs, and that his children owned the remaining third part, not as his heirs, but as grantees of Ann Connolly. We are of opinion that, when it appeared of record that the real estate of a deceased person had become vested in devisees, who are not his heirs, under a will duly probated and allowed, the taxes could not properly be assessed to the heirs of the deceased under the Gen. Sts. c. 11, § 10, and that the sales of the land shown to have been made in this case are void. See *Sargent* v. *Bean*, 7 Gray, 125; *Wood* v. *Torrey*, 97 Mass. 321; *Oakham* v. *Hall*, 112 Mass. 535; *Desmond* v. *Babbitt*, 117 Mass. 233; *Tucker* v. *Deshon*, 129 Mass. 559, 566; *Sawyer* v. *Mackie*, 149 Mass. 269. After Mr. Ranney took possession, the tax should have been assessed to him and his cotenants. *Davis* v. *Boston*, 129 Mass. 377.

It has been argued that, when Mr. Ranney conveyed his title to Mary A. E. Tobin, he was disseised, and that, as it does not appear that his deed was delivered upon the land, his deed conveyed nothing as against his cotenants; but it is not found as a fact that he was disseised, and this is not a necessary inference from any facts which have been admitted by the pleadings, or found by the justice who reported the case, and we do not con-

sider the question material to the real issue in the cause. It is found that since 1876 the taxes have continued to be assessed to the "John Tobin heirs," and have been paid by Mrs. Martin, except that the taxes since her conveyance to the defendant have been paid by the defendant. The question which has been argued of the right of Mrs. Martin to have repaid to her any part of the taxes which she has paid, or of the money paid by her for the tax deeds, cannot be determined in this suit, for the reason, among others, that she is not a party to the suit. The plaintiffs, in their amended bill, " offer to pay to the defendant such sum or sums which the defendant may be found legally entitled to upon the hearing of this case, or as may otherwise seem proper to this honorable court." But the sums paid by the defendant for taxes since she obtained her title do not appear anywhere in the papers, and the circumstances under which the defendant paid them have not been found with that exactness which is necessary to enable us to determine the rights of the defendant against the plaintiffs to have any part thereof repaid to her. Any claim of the defendant, that the purchase of Mr. Ranney's title to one half of the land must be considered as made for the benefit of all the tenants, cannot be considered, because this question is not presented by the pleadings or by the report. The defendant has not filed a bill asking for any relief against the plaintiffs, or either of them.

We consider the case as raising only the question of the validity of the tax deeds, and as brought solely for the purpose of having them declared void as a cloud upon the title of each of the plaintiffs. To a bill brought for this purpose, laches is not a defence, although title to the land acquired by the defendant by adverse possession would be a defence. We think that the plaintiffs are entitled to a decree, declaring the tax deeds void. *Sullivan* v. *Finnegan,* 101 Mass. 447. *Russell* v. *Deshon,* 124 Mass. 342.                    *Decree for the plaintiffs.*

*R. W. Shea & F. P. Magee,* for the plaintiffs.

*A. G. Lamson & J. J. Harvey,* for the defendant.