SCHOOL COMMITTEE OF WINCHENDON & others *vs.* SELECTMEN OF WINCHENDON & others.

Worcester.  April 7, 1938. — May 24, 1938.

Present: RUGG, C.J., LUMMUS, QUA, DOLAN, & COX, JJ.

*Equity Pleading and Practice,* Appeal.  *Probate Court,* Appeal.

In the absence of an appeal from a final decree dismissing a petition in equity in a probate court following an interlocutory decree sustaining a demurrer to the petition, an appeal from the interlocutory decree brought nothing to this court.

PETITION in equity, filed in the Probate Court for the county of Worcester on May 15, 1937.

After a hearing by *Atwood,* J., there were entered an interlocutory decree sustaining demurrers and a final decree dismissing the petition. The petitioners appealed only from the interlocutory decree.

*F. W. Morrison,* for the petitioners.

*M. A. Moore,* (*A. F. Evans* with him,) for the respondents.

LUMMUS, J.  Appeals from probate courts are governed

by equity practice. This was true to a large extent under R. L. (1902) c. 162, § 15 (G. L. [Ter. Ed.] c. 215, § 21). *Chapman* v. *Chapman*, 224 Mass. 427, 428. *Ensign* v. *Faxon*, 229 Mass. 231, 233. See also as to equity cases, *Burroughs* v. *Wellington*, 211 Mass. 494, 496. It was made true generally by St. 1919, c. 274 (G. L. [Ter. Ed.] c. 215, §§ 9–18, 22). *Mackintosh, petitioner*, 246 Mass. 482. *Littlejohn* v. *Littlejohn*, 236 Mass. 326. *Drew* v. *Drew*, 250 Mass. 41. *Boston Safe Deposit & Trust Co.* v. *Wickham*, 254 Mass. 471, 473. *Goss* v. *Donnell*, 263 Mass. 521. *Gallagher* v. *Phinney*, 284 Mass. 255. *Hopkins* v. *Hopkins*, 287 Mass. 542, 545. *Bratt* v. *Cox*, 290 Mass. 553. *O'Reilly* v. *O'Reilly*, 293 Mass. 332. As in equity practice in other courts (G. L. [Ter. Ed.] c. 214, §§ 19, 26), both interlocutory decrees and final decrees are subject to appeal (G. L. [Ter. Ed.] c. 215, §§ 9, 23), and "Interlocutory decrees not appealed from shall be open to revision upon appeals from final decrees so far only as it appears to the full court that such final decrees are erroneously affected thereby." G. L. (Ter. Ed.) c. 215, § 14; c. 214, § 27.

The petitioners claimed an appeal from an interlocutory decree of the Probate Court sustaining the demurrers of the respondents to a petition in equity. There was no appeal from the consequent final decree dismissing the petition. Failure to appeal from the final decree made futile the appeal from the interlocutory decree, and in effect was a waiver of it. *Fusaro* v. *Murray, ante*, 229.

*Appeal dismissed.*