ALFRED T. CLARK *vs.* ELEANOR C. CLARK & another. February 3, 1950. Appeal dismissed. This is a libel brought in the Probate Court seeking a divorce on the ground of adultery. The libellant moved to amend the libel by inserting the name of a corespondent, and permission to do so was granted. From this action the corespondent appealed. The corespondent requested the

judge to report the material facts found by him in the allowance of the libellant's motion. The request was denied and the corespondent appealed. See *Sullivan* v. *Sullivan*, 320 Mass. 114, 116. We treat the denial of the request as an interlocutory decree. The sole question for decision is whether the judge erred in denying the request. Since it will not affect the result, we assume in favor of the corespondent that his request for a report of material facts was made within the period that would entitle him, as of right, to such a report. It appears that the request was not filed until nineteen days after the allowance of the motion to amend the libel, but it does not appear when the corespondent had notice of such allowance. See G. L. (Ter. Ed.) c. 215, § 11, as amended by St. 1947, c. 365, § 3. We also assume without deciding that the allowance of the libellant's motion to amend the libel was a matter as to which the judge could be required to make a report of material facts. See G. L. (Ter. Ed.) c. 208, § 11, as amended. The appeal, however, is not rightly here. The decree appealed from was interlocutory. It is settled that an appeal from an interlocutory decree, in the absence of a report by the trial judge, can come to this court only after a final decree. *Slater* v. *Munroe*, 313 Mass. 538, 540. There has been no final decree here.

*J. B. O'Hare*, for the corespondent.

No argument nor brief for other parties.