MABEL B. LYNDE, conservator, *vs.* LEROY C. VOSE, guardian
ad litem, & others.

Barnstable.    November 8, 1950. — January 2, 1951.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & COUNIHAN, JJ.

*Guardian,* Guardian ad litem.  *Death.  Probate Court,* Accounts, Decree,
Appeal.

A decree of a Probate Court appointing a guardian ad litem in connection
with certain accounts was so far final that an appeal therefrom might
be entered in and considered by this court forthwith.
Upon the death of a woman under conservatorship and the filing of the
conservator's account showing distribution to himself as administrator
of the ward's estate and assented to by everyone interested in that
estate, it was futile and improper to appoint a guardian ad litem
purportedly "for" the ward and "to represent her interest" in con-
nection with the account.

PETITIONS, filed in the Probate Court for the county of
Barnstable on December 23, 1949, for allowance of accounts
of a conservator.

A decree appointing a guardian ad litem was entered by
*Campbell,* J.

*A. Leavitt Taylor,* (*B. Gilbert* with him,) for the petitioner
and others.

No argument nor brief for the guardian ad litem.

LUMMUS, J.    On March 23, 1926, Mabel B. Lynde was
appointed conservator of the property of Bessie Wilbur, her
sister, with the assent of her two brothers George B. Wilbur
and Charles A. Wilbur, who with the conservator herself
were her heirs presumptive.  G. L. (Ter. Ed.) c. 201, § 16,
as it appears in St. 1945, c. 728, § 2.  On October 1, 1949,
Bessie Wilbur died intestate, and on November 8, 1949,
Mabel B. Lynde was appointed administratrix of her estate,
with the assent of all three of the heirs and next of kin.

The twenty-second and twenty-third accounts of Mabel B.

Lynde as such conservator were filed after the death of the ward, and show distribution of the balance of said accounts to Mabel B. Lynde as such administratrix. She and her two brothers assented to the allowance of these accounts. But on January 24, 1950, the Probate Court appointed Leroy C. Vose "guardian ad litem or next friend for such person [Bessie Wilbur], to represent her interest in said case." From the decree making such appointment all the three heirs at law and next of kin appealed.

Under G. L. (Ter. Ed.) c. 215, § 9 (as it appears after St. 1945, c. 469, § 1, and St. 1947, c. 360), appeal was given to "A person aggrieved by an order, decree or denial of a probate court," and this court was given "like powers and authority in respect thereto as upon an appeal in a suit in equity under the general equity jurisdiction." Procedure in a probate appeal follows that in equity so far as applicable and practicable. *Wiley* v. *Fuller*, 310 Mass. 597, 599. Under general equity practice appeals are allowed from interlocutory as well as final decrees. G. L. (Ter. Ed.) c. 214, §§ 19, 26. But an appeal from an interlocutory decree does not come before this court until a final decree has been entered. *Lowell Bar Association* v. *Loeb*, 315 Mass. 176, 187–188. *Vincent* v. *Plecker*, 319 Mass. 560, 562–563. Whether the decree appealed from in the present case is now before us depends upon whether it is or is not a final decree.

One test of finality was stated in *Vincent* v. *Plecker*, 319 Mass. 560, 564, note 2, in these words: "Though part of a single controversy remains undetermined, if the decree is to be executed presently, so that appeal would be futile unless the decree could be vacated by the prompt entry of an appeal in the full court, the decree is a final one." This test of finality was applied in *New England Theatres, Inc.* v. *Olympia Theatres, Inc.* 287 Mass. 485, 490, where a decree continuing a receivership was held appealable as a final decree. So in *Ferrick* v. *Barry*, 320 Mass. 217, 219, a decree dissolving a partnership and ordering receivers to wind up its affairs and distribute its assets, was held appealable as a final decree. See also *Kasishke* v. *Baker*, 144 Fed. (2d) 384,

certiorari denied 325 U. S. 856; *Maas* v. *Lonstorf*, 166 Fed. 41, 44.

In the present case, if the decree appointing the guardian ad litem should remain in force, compensation for his services would be a charge against the intestate estate. No remedy other than appeal would be open to the administratrix or to the heirs and next of kin, to free them from what they contend is a useless and illegal charge. We are of opinion that the appeal was proper, and that the matter should be considered and decided now.

Coming to the merits, G. L. (Ter. Ed.), c. 206, § 24, as it appears in St. 1938, c. 154, § 1, provides that "If the interest of a person unborn, unascertained, or legally incompetent to act in his own behalf, is not represented except by the accountant, the court shall appoint a competent and disinterested person to represent his interest in the case." Plainly Bessie Wilbur, who had died, was not "unborn," neither was she "unascertained," for her identity was well known. *Young* v. *Tudor*, 323 Mass. 508, 512. Neither was she at the time a "person . . . incompetent," for she was dead, and was not a "person" at all. *Sawyer* v. *Mackie*, 149 Mass. 269. *Brooks* v. *Boston & Northern Street Railway*, 211 Mass. 277, 278. *Madden* v. *Election Commissioners of Boston*, 251 Mass. 95, 98. *Commonwealth* v. *Welosky*, 276 Mass. 398, 404. *Martinelli* v. *Burke*, 298 Mass. 390. It is true that the power to appoint a guardian ad litem or next friend extends to instances to which no statute applies, but the statute already cited is the one which has particular application to probate accounts, and we know of no case in which such an appointment for a dead person has been recognized as proper. *Buckingham* v. *Alden*, 315 Mass. 383, 389.

Bessie Wilbur had no interest in the accounts or in the property to which they related. On her death her interest had passed to her heirs so far as it was realty and to her administratrix so far as it was personalty. *Ryan* v. *McManus*, 323 Mass. 221, 230. Everyone interested was a party to the accounts. The guardian ad litem or next

friend could represent no interest. To pay compensation to him for services would be a waste of the money of the estate. *Goodrich* v. *Henderson*, 221 Mass. 234, 237. *McKay* v. *Audubon Society, Inc.* 318 Mass. 482, 485.

> *Decree appointing guardian ad litem or next friend reversed.*