JOSEPH LA RAIA *vs.* PAULINE T. LA RAIA.

Norfolk. May 7, 1952. — May 29, 1952.

Present: QUA, C.J., LUMMUS, RONAN, & SPALDING, JJ.

*Divorce*, Rehearing, Appeal. *Probate Court*, Rehearing, Appeal, Divorce
    proceeding.

Before entry of any decree in a divorce case, a Probate Court had au-
    thority to permit the libellee to file a late answer for the purpose of
    contesting the libel about three months after a hearing at which the
    libellant had introduced evidence sufficient to support a decree nisi.
A divorce proceeding was not properly before this court solely on an appeal
    from the denial by the Probate Court of a motion for the entry of a
    decree nisi.

LIBEL for divorce, filed in the Probate Court for the county
of Norfolk on March 19, 1951.

The case was heard by *Hickey*, J.

*C. Sheldon Williams*, for the libellant, submitted a brief.

No argument nor brief for the libellee.

LUMMUS, J.    This is a libel for divorce in a Probate
Court on the ground of cruel and abusive treatment. At
the hearing on May 17, 1951, the libellant introduced evi-
dence which the judge finds was sufficient to support a
decree nisi. The libellee came into court at a continued
hearing on May 24, 1951, and expressed a desire to contest
the libel. On August 15, 1951, the libellee was permitted
to file a late answer. On October 10, 1951, the libellant
moved for the entry of a decree nisi for divorce, which the
judge denied. On October 17, 1951, the libellant appealed.

The granting of a divorce is not discretionary. The
judge has no right to postpone decision indefinitely, but

must grant the divorce if the libellant makes out a case entitling him to it. *Waterhouse* v. *Waterhouse*, 225 Mass. 228. *Reddington* v. *Reddington*, 317 Mass. 760, 764. See also *Mooney* v. *Mooney*, 317 Mass. 433. But in the instant case all that the judge did was to grant a further hearing to the libellee. That was within his power. *Malcolm* v. *Malcolm*, 257 Mass. 225. *Lye* v. *Lye*, 322 Mass. 155. The power to reconsider a case resides in a court until final judgment or decree. *Peterson* v. *Hopson*, 306 Mass. 597, 601–602. In this case no decree was ever entered, granting or denying a divorce. An appeal from a decree of a Probate Court is analogous to an appeal in equity. G. L. (Ter. Ed.) c. 215, § 9, as it appears after St. 1945, c. 469, § 1, and St. 1947, c. 360. No appeal except one from a final decree can come presently to this court. *Lynde* v. *Vose*, 326 Mass. 621, 622. *Slater* v. *Munroe*, 313 Mass. 538, 540. *Clark* v. *Clark*, 325 Mass. 760.

*Appeal dismissed.*