MURRAY LITIN *vs.* J. G. DURAND INTERNATIONAL, INC.
& others.

Suffolk.    February 13, 1975. — March 7, 1975.

Present: HALE, C.J., ROSE, & KEVILLE, JJ.

*Equity Pleading and Practice, Appeal.*

Although the plaintiff in a suit in equity did not receive notice of entry
    of the final decree, an appeal from an interlocutory decree brought
    nothing before this court for review where the record showed that
    the plaintiff had become aware of entry of the final decree at a time
    when it could have sought relief from failure to file a timely ap-
    peal. [113-114]

BILL IN EQUITY filed in the Superior Court on April 24,
1972.

The suit was heard by *Vallely,* J., on a master's report.

*Gordon A. Martin, Jr.,* for J. G. Durand International,
Inc.

*Gerald L. Nissenbaum* for the plaintiff.

HALE, C. J.    This is a bill in equity by which the plain-
tiff seeks to establish the indebtedness of J. G. Durand
International, Inc. (Durand), to the plaintiff for certain
commissions on sales allegedly made under a written con-
tract, and to reach and apply certain credits which allegedly
were to become due to Durand from the other named

defendants. The case was referred to a master who filed a report in which he made findings favorable to the plaintiff. An interlocutory decree was entered on June 14, 1973, which confirmed the report. On the same day a final decree was entered which determined that certain sums of money were due to the plaintiff from Durand, ordered the payment of the total of those sums, and dismissed the bill against the other named defendants. Durand claimed an appeal from the interlocutory decree; no appeal was claimed from the final decree. "An appeal taken from an interlocutory decree subsequently to the entry of a final decree, which does not bring up the final decree, cannot rightly be considered." *Fusaro* v. *Murray,* 300 Mass. 229, 231 (1938). "Failure to appeal from the final decree made futile the appeal from the interlocutory decree, and in effect was a waiver of it." *School Comm. of Winchendon* v. *Selectmen of Winchendon,* 300 Mass. 266, 267 (1938). See *Massa* v. *Stone,* 346 Mass. 67, 76 (1963).

Durand argues that we should construe the appeal claimed as an appeal from both the interlocutory and final decrees, citing *Hays* v. *Georgian, Inc.* 280 Mass. 10, 15-16 (1932). In that case, unlike the present case,[1] the appeal was both entitled and described as an appeal from the final decree. Language in the body of the appeal erroneously referring to an interlocutory matter was disregarded by the court, and the appeal was construed to be from the final decree. That case and the present case are clearly distinguishable, and we do not adopt the requested construction.

Durand now seeks to avoid the dismissal of its appeal by asserting that, although the judge had informed Durand's attorney that he would enter both interlocutory and final decrees, it never received notice of entry of the final decree. This contention finds support in the record, there being no indication in the docket entries or on the backer of the final decree that notice was sent. Those absences are accen-

---

[1] Durand's claim of appeal reads, "Now comes the defendant herein and appeals to the Appeals Court from the interlocutory decree entered June 14, 1973, confirming the Master's Report."

tuated by the presence of notations in the docket entries and on the backer of the interlocutory decree which indicate that notice of the entry of that decree was sent.

We note, however, that on June 25, 1973, the date the appeal was filed, Durand filed a "Request for Report of Material Facts."[2] The docket entries further disclose that Durand's designation of the record was filed on March 12, 1974, and that there had been other activity in the case between those two dates. The latter document designated the final decree as one of the papers to be included in the record on appeal. Thus, Durand certainly became aware of the entry of the final decree no later than March 12, 1974. At that time it could have sought relief under G. L. c. 214, § 28 (as in effect prior to its repeal by St. 1973, c. 1114, § 62, effective July 1, 1974), as the one-year limitation imposed by that statute had not run. Such relief not having been obtained, there is nothing before this court for review. Accordingly, the appeal must be dismissed.

*So ordered.*

---

[2] The docket discloses an entry to the effect that this request was waived in open court on September 13, 1973.

