# Joseph R. Mancuso vs. Judith A. Mancuso.

Worcester. March 12, 1980. — August 14, 1980.

Present: Armstrong, Brown, & Kass, JJ.

*Practice, Civil,* Appeal, Review of interlocutory action. *Rules of Appellate Procedure. Probate Court,* Appeal.

An order of a probate judge increasing the amount of an earlier temporary support order was interlocutory and therefore not an appealable judgment. [396-397]

An order of a probate judge directing a husband to transfer his interest in the marital home to his wife forthwith without prejudice to a subsequent assignment of the real estate under G. L. c. 208, § 34, and authorizing the wife to give a mortgage on the property to raise money for household expenses "until the hearing on the merits of the basic cause of action," although labeled a judgment, was interlocutory and therefore not appealable. [397]

Despite the provisions of Mass.R.A.P. 9(a), as amended, an appeal from an interlocutory order of a Probate Court pursuant to G. L. c. 215, § 9, may be filed, but it should lie dormant until the case has gone to judgment and an appeal from the judgment has been filed, and the register of probate should not issue a notice of assembly of the record in an interlocutory appeal except in the unusual instance where appellate review on an interlocutory basis is authorized by law. [397-402]

Where appeals from interlocutory orders of a Probate Court were properly claimed under G. L. c. 215, § 9, but should have lain dormant until final judgment, the proper disposition was not dismissal of the appeals but rather an order that the assembly of the record be vacated. [402-403]

Civil action commenced in the Worcester Division of the Probate and Family Court Department on December 13, 1978.

Motions seeking an increase in temporary support payments and an interlocutory conveyance of the husband's interest in the marital home were heard by *McLellan, J.*

*John S. McCann* for the plaintiff.

*Michael N. Abodeely, Jr.*, for the defendant.

ARMSTRONG, J. On December 13, 1978, the plaintiff (husband) filed a complaint for divorce against the wife. On July 24, 1979, the wife filed two motions, one seeking an increase in the amount of an earlier temporary support order, the other seeking an interlocutory conveyance of the husband's interest in the marital home to the wife. These motions were served on the husband's counsel on July 24 with a notice that they were marked for hearing on July 25. They were in fact heard on July 26, apparently (no stenographer having been present) over the objections of counsel for the husband to the effect that, due to the short notice (see Mass.R.Dom.Rel.P. 6[c] and [d] [1975]), he had been unable to reach his client to arrange for his appearance. The same day the judge entered two orders, one for an increase in temporary support and one, captioned "Judgment," which ordered the husband to transfer his interest in the home to the wife forthwith "without prejudice to the assignment of [the] real estate at the subsequent hearing under G. L. c. 208, § 34" and authorized the wife to give a mortgage on the property to raise $5,000 to pay bills and household expenses "until the hearing on the merits of the basic cause of action."

On August 21, 1979, the husband filed a notice of appeal from the two orders. The register issued a notice of assembly of the record on October 4, 1979, and the appeals were entered in this court on October 12, 1979.

It is clear that the order increasing the temporary support has come before us for appellate review prematurely. It is not a judgment; the statutes relative to appeals from orders of the Probate Courts (contrast G. L. c. 231, § 118, second par., relating to the Superior Court and the Housing Courts) do not authorize appellate review as of right on an interlocutory basis; and interlocutory appellate review has not been authorized by the probate judge (see G. L. c. 215, § 13, under which the judge may report for appellate review questions concerning the correctness of interlocutory orders) or by a single justice of this court or the Supreme Judicial Court (see

*Foreign Auto Import, Inc.* v. *Renault Northeast, Inc.*, 367 Mass. 464, 470 [1975]; *National Assn. of Govt. Employees, Inc.* v. *Central Bdcst. Corp.*, 379 Mass. 220, 221-222 [1979]).

We think the same is true of the appeal from the order requiring the husband to transfer his interest in the marital home to the wife and authorizing her to encumber the title to raise money for current expenses. That order was not a judgment merely because it was so labeled. *Borman* v. *Borman*, 378 Mass. 775, 779 n.8 (1979). It did not dispose of all the claims raised by the pleadings (see Mass.R.Dom.Rel.P. 54[b]; *Massachusetts Cas. Ins. Co.* v. *Landy*, 1 Mass. App. Ct. 35, 37 [1973]); the purpose of the order was merely to provide temporary support for the wife, and by its express terms it was not intended to be a final adjudication of the parties' rights in the house (see *School Comm. of Agawam* v. *Agawam Educ. Assn.*, 371 Mass. 845, 846 [1977]). Although presently to be executed, the order did not fall within the limited class of orders of that type which are by tradition treated as exceptions to the usual requirement of finality. See *Vincent* v. *Plecker*, 319 Mass. 560, 564 n.2 (1946); *Lynde* v. *Vose*, 326 Mass. 621, 622-623 (1951); *Borman* v. *Borman*, 378 Mass. at 779-780; *Mahoney* v. *Mahoney*, 5 Mass. App. Ct. 720, 725-726 (1977); *Asker* v. *Asker*, 8 Mass. App. Ct. 634, 637 (1979).[1] The order was therefore interlocutory, and the appeal from it is before us prematurely.

Counsel for the husband, at argument, disclaimed an intention to have these appeals heard in "piecemeal" fashion: that is, heard forthwith in advance of any appeal he might take from the judgment nisi of divorce.[2] The premature en-

---

[1] See note 6, *infra*.

[2] Updated docket entries disclose that a judgment nisi of divorce entered January 29, 1980, and that the husband filed an appeal therefrom on March 5, 1980. The appeal appears to have been timely filed: a motion for a new trial, filed on February 7, 1980, and not disposed of until February 25, 1980, tolled the running of the thirty-day period fixed by Mass.R.A.P. 4, as amended, 378 Mass. 928 (1979), for filing the appeal, assuming that it was timely served. See *Albano* v. *Bonanza Intl. Dev. Co.*, 5 Mass. App. Ct. 692 (1977); *Davenport* v. *Broadhurst*, *ante* 182, 183-185

try in this court is instead the result of a confusing anomaly which has developed in practice under the still relatively new rules of appellate procedure. In the earlier practice in the Probate Courts, appeals could generally be filed as of right from interlocutory orders and decrees. See G. L. c. 215, § 9, as in effect prior to St. 1973, c. 1114, § 65; *Stockbridge Iron Co.* v. *Hudson Iron Co.*, 102 Mass. 45, 47 (1869) (decided under predecessor statute, Gen. Sts. c. 113, § 10, identical to § 9 in material part). But, like appeals from interlocutory decrees in the Superior Court (see G. L. c. 214, § 26, as in effect prior to St. 1973, c. 1114, § 62), such appeals lay dormant until the entry of a final decree and were heard only in conjunction with an appeal from the final decree. *Fuller* v. *Chapin*, 165 Mass. 1, 2-4 (1895). *School Comm. of Winchendon* v. *Selectmen of Winchendon*, 300 Mass. 266 (1938). *Slater* v. *Munroe*, 313 Mass. 538, 540 (1943). *Lynde* v. *Vose*, 326 Mass. at 621. *LaRaia* v. *LaRaia*, 329 Mass. 92 (1952). It was not the function of an appeal from an interlocutory decree to secure appellate review of the decree on an interlocutory basis; rather, its function, like that of an exception in an action at law, was to save a party's right to have an erroneous interlocutory order rectified in conjunction with the regular appellate process following final disposition of the case in the trial court. See Henn, Civil Interlocutory Appeals in the Massachusetts State Courts, 62 Mass.L.Q. 225, 226 (1977). An interlocutory decree not appealed from was subject to revision on appeal only in so far as it erroneously affected the final decree. G. L. c. 214, § 27, as in effect prior to St. 1973, c. 1114, § 62. *Smith* v. *Knapp*, 297 Mass. 466 (1937). *Burwen* v. *Burwen*, 2 Mass. App. Ct. 29, 31 (1974).

The new rules contemplated the abolition both of exceptions (see Mass.R.Civ.P. 46, 365 Mass. 811 [1974], iterated with one amendment in the corresponding rule of domestic

---

(1980). The judgment nisi includes a detailed division of the marital property, awarding the marital home to the wife and again ordering the husband to convey to the wife all his interest therein.

relations procedure) and of appeals from interlocutory orders (see Mass.R.A.P. 4, applicable from the outset both to Superior Court and Probate Court appeals). The coordinating legislation, St. 1973, c. 1114, repealed the general statutes dealing with interlocutory appeals, G. L. c. 214, §§ 26 and 27.[3] The new rules practice represented the adoption, with minor differences, of the procedure employed in the Federal courts. *Giacobbe* v. *First Coolidge Corp.*, 367 Mass. 309, 315 (1975). *Westinghouse Elec. Supply Co.* v. *Healy Corp.* 5 Mass. App. Ct. 43, 47 (1977), and authorities cited. Federal practice has no counterpart to the preexisting Massachusetts practice of interlocutory appeals which lay dormant until brought before the appellate court with an appeal from a final judgment. Rather, the Federal rules, at the time of their adoption here, called for the clerk of the trial court to process any claim of appeal so as to cause the entry of the appeal in the appellate court within a fixed time period following the claiming of the appeal. Fed.R.A.P. 11(a), as in effect prior to 1979 amendment.[4] The corresponding Massachusetts rule, Mass.R.A.P. 9(a), as amended, 378 Mass. 935 (1979), requires the clerk of the trial court to assemble the record "as soon as may be after the filing of the notice of appeal"; the notice of assembly triggers the docketing of the appeal (Mass.R.A.P. 10[a][1], as amended, 378 Mass. 937 [1979]), which in turn triggers the time limits for filing briefs (Mass.R.A.P. 19[a], 365 Mass. 867 [1974]). Under the reformed procedure, therefore, the filing in the Superior Court of an appeal from an order which is interlocutory in nature is, except in the

---

[3] The 1973 legislation did not, however, revise G. L. c. 215, § 9, so as to abolish interlocutory appeals in the Probate Courts. Section 9, as discussed later in the opinion, was amended in 1975 so as to add "judgments" to the orders made appealable under that section.

[4] In 1979 the Federal Rules of Appellate Procedure were amended to eliminate the forty-day period (from claiming of appeal) for the clerk of the District Court to transmit the record to the Court of Appeals. The amended rules provide (rule 11[b]) that the record should be transmitted "forthwith" upon completion, which in most cases will probably mean upon the filing of the transcript.

limited circumstances where an interlocutory appeal is authorized (see, e.g., the second paragraph of G. L. c. 231, § 118), a "procedural error", *Foreign Auto Import, Inc.* v. *Renault Northeast, Inc.*, 367 Mass. at 471, which will result in dismissal of the appeal by the appellate court. Examples include the *Giacobbe* and *Foreign Auto Import, Inc.* cases, both *supra*; *Rollins Environmental Serv., Inc.* v. *Superior Court*, 368 Mass. 174 (1975); *Kargman* v. *Superior Court*, 371 Mass. 324 (1976); *Assuncao's Case*, 372 Mass. 6 (1977); *Cappadona* v. *Riverside 400 Function Room, Inc.*, 372 Mass. 167 (1977); *Pollack* v. *Kelly*, 372 Mass. 469 (1977) (interlocutory review of District Court order, double costs awarded); *Brooksbank* v. *Epstein*, 5 Mass. App. Ct. 377 (1977) (double costs awarded).

Appeals which originate in a Probate Court, like those originating in the Superior Court, have, by statute (G. L. c. 215, § 10, as appearing in St. 1973, c. 1114, § 66) and rule (Mass.R.A.P. 1[a], as amended, 378 Mass. 925 (1979), and 1[c] ["appeal"], 365 Mass. 844 [1974]) been governed since July 1, 1974, by the Massachusetts Rules of Appellate Procedure. See *Boston Seaman's Friend Soc., Inc.* v. *Attorney Gen.*, 379 Mass. 414, 416-417 (1980). In *Mahoney* v. *Mahoney*, 5 Mass. App. Ct. at 727, an equity case tried in a Probate Court (governed, therefore, by the Massachusetts Rules of Civil Procedure, see Mass.R.Civ.P. 1, 365 Mass. 730 [1974]), we characterized as improper an appeal taken by the plaintiff from an interlocutory order which modified a preliminary injunction. That characterization was inaccurate.[5] General Laws c. 215, § 9, permits an appeal to be filed in a Probate

---

[5] The inaccurate characterization did not substantively affect the disposition of the *Mahoney* appeal, which was ordered dismissed, although, for reasons stated at the end of this opinion, we now think that a preferable form of order in that situation is one which vacates the notice of assembly of the record. The interlocutory appeal by the plaintiff in the *Mahoney* case could not have been considered on the merits because the plaintiff failed to file an appeal from the judgment. See *School Comm. of Winchendon* v. *Selectmen of Winchendon*, 300 Mass. 266. Cases to the same effect are cited in the *Mahoney* decision, 5 Mass. App. Ct. at 726-727.

Court not only from a judgment, but also, as under the prior practice, from an "order, . . . decree or denial." *Borman* v. *Borman,* 378 Mass. 775, 778-779 (1979). Other sections of c. 215 confirm that appeals may properly still be taken from interlocutory orders in the Probate Courts: see, e.g., G. L. c. 215, § 14, as amended through St. 1975, c. 400, § 60; § 22, as amended through St. 1975, c. 400, § 62; § 23 (Ter. Ed.). If Mass.R.A.P. 9(a), as amended, were applied literally to such an appeal, it would necessarily result, as it has in this case, in the appeal from the interlocutory order being entered and briefed in the appellate court separately from and in advance of any appeal from the final judgment. But it was not the purpose of the Supreme Judicial Court in adopting the new rule to change our existing practice so as to authorize appellate review of trial court orders on an interlocutory, piecemeal basis, *Foreign Auto Import, Inc.* v. *Renault Northeast, Inc.,* 367 Mass. at 467-468, and it was doubtless for that reason that the Supreme Judicial Court held in *Borman* v. *Borman,* 378 Mass. at 779-780, that, despite the provisions of Mass.R.A.P. 9(a), an appeal from an interlocutory order of a Probate Court should lie dormant, as under the pre-rules practice, until the case has gone to judgment and an appeal from the judgment has been filed. In practical effect, we think that the *Borman* case means that the register of probate should not issue a notice of assembly of the record in an interlocutory appeal, except in the unusual instances where appellate review on an interlocutory basis is authorized by law.[6]

---

[6] Orders in civil cases which are subject to full appellate review on an interlocutory basis are at present of four types: (1) orders granting or refusing jury issues, G. L. c. 215, § 22, as amended through St. 1975, c. 400, § 62; (2) orders as to which an interlocutory appeal has been authorized by a single justice of an appellate court under the procedure outlined in *Foreign Auto Import, Inc.* v. *Renault Northeast, Inc.,* 367 Mass. at 470; (3) orders which, although not finally dispositive of the case, are treated as final for purposes of appellate review under the principles stated in the cases cited in the text at note 1, *supra*; and (4) orders entered in the Superior Court or a Housing Court (but not a Probate Court) relative to preliminary injunctions, which are subject to review forthwith

The practice is different in courts other than the Probate Courts, where, following Federal practice under the equivalent of Mass.R.A.P. 9(a),[7] the clerk is to assemble the record and issue notice thereof as soon as possible after the filing of the notice of appeal, regardless of the fact that the appeal may be improper. Because of the delay and waste-work which improper appeals necessarily entail, the perpetrator should expect not only dismissal of his appeal but also the possibility of double costs, penalty interest, or damages under the provisions of Mass.R.A.P. 25, as amended, 378 Mass. 925 (1979), of G. L. c. 211A, § 15, or of G. L. c. 231, §§ 6F or 6G.

Where, as in this case, interlocutory appeals claimed in a proceeding in a Probate Court come before us prematurely for review, there is no basis for sanctions against the appellant, because his claim of appeal is proper under the present statutory scheme, and he is not at fault for the entry of the appeal prematurely. In such a case the procedural error is the issuance of the notice of assembly of the record, which activates the deadline for entry and all other significant procedural steps.

Traditionally, when an appeal has come before an appellate court prematurely, the court has disposed of the case by an order dismissing the appeal. Such an order is clearly suitable in a case where the appeal was improperly claimed; it implies that the appeal has been finally disposed of. Where, as here, the appeals were properly claimed but should have lain dormant until final judgment, we think

---

under the provisions of G. L. c. 231, § 118, second par., as amended by St. 1977, c. 405. See, as to the fourth category, *Packaging Indus. Group, Inc.* v. *Cheney*, 380 Mass. 609, 610-612 (1980); *Demoulas Super Mkts., Inc.* v. *Peter's Mkt. Basket, Inc.*, 5 Mass. App. Ct. 750 (1977). For anomalous forms of interlocutory review see G. L. c. 231, § 6G (damages for frivolous claims); G. L. c. 231, § 118, first par. (review of interlocutory orders by single justice); G. L. c. 239, § 5 (appeal bonds and periodic payments in summary process cases). See also G. L. c. 214, § 6(6).

[7] See *Hogg* v. *United States*, 411 F.2d 578 (6th Cir. 1969); *Graves* v. *General Ins. Corp.*, 381 F.2d 517, 518 (10th Cir. 1967). Compare *Ruby* v. *Secretary of United States Navy*, 365 F.2d 385 (9th Cir. 1966).

that a more apt disposition, one which appropriately differentiates such a case from one where an appeal was improper ab initio, would be an order that the assembly of the record be vacated. Such an order does not carry the misleading implication that the underlying claim of appeal has been disposed of, it merely unravels the procedural skein back to the place where it became tangled, disposing of the appellate entry while leaving the claim of appeal intact for consideration, if necessary, at a later time.

Accordingly, the matter is remanded to the Probate Court with instructions that the notice of assembly of the record issued on October 4, 1979, is to be vacated. Neither party is to have costs of appeal.

*So ordered.*