VIRGINIA ROSE MCDONNELL *vs.* JOHN JAMES MCDONNELL. No. 94-P-499. November 17, 1995. *Practice, Civil,* Interlocutory appeal, Assembly of record. *Divorce and Separation,* Appeal.

The parties executed a settlement agreement in this divorce action after discussions with the judge in chambers. The agreement was incorporated in the divorce judgment but was to retain independent legal significance except as to alimony. Two weeks after the entry of the judgment nisi, the wife filed a motion under Mass.R.Dom.Rel.P. 60(b) (3) (1975), seeking to vacate the judgment based on alleged misrepresentations by the husband as to finances during the discussions in chambers. After hearing, the judge allowed the motion, and the husband has appealed.

The order vacating the judgment necessarily contemplated further proceedings in the Probate Court in the divorce action. As such, the order was

interlocutory. See *Chavoor* v. *Lewis*, 383 Mass. 801, 803 (1981); *Carista* v. *Berkshire Mut. Ins. Co.*, 394 Mass. 1009, 1009-1010 (1985). The case falls within the general rule that the correctness of an interlocutory order will not be reviewed on appeal before a final judgment has been entered. *Mancuso* v. *Mancuso*, 10 Mass. App. Ct. 395, 396-397 (1980). Compare *Borman* v. *Borman*, 378 Mass. 775, 779-780 (1979), recognizing exception for certain types of interlocutory orders presently to be executed; *Chavoor* v. *Lewis*, *supra* at 804-806, recognizing exception if judge was without jurisdiction to enter order under rule 60(b); *Berube* v. *McKesson Wine & Spirits Co.*, 7 Mass. App. Ct. 426, 429 (1979), applying exception where a single justice of an appellate court has authorized prosecution of an interlocutory appeal. The husband did not err by filing the notice of appeal, because G. L. c. 215, § 9, authorizes appeals from interlocutory orders in the Probate Courts. The appeal, however, should have lain dormant pending entry of a new judgment nisi. See *Mancuso* v. *Mancuso*, *supra* at 400-402, and *R.J.A.* v. *K.A.V.*, 34 Mass. App. Ct. 369, 375 (1993). The procedural error was in the issuance of the notice of assembly prematurely. *Mancuso* v. *Mancuso*, *supra* at 402.

The case is remanded to the Probate Court with instructions that the notice of assembly of the record issued on April 4, 1994, and the notice of supplemental assembly of record on appeal issued on May 17, 1994, are to be vacated. Neither party is to have costs of appeal.

*So ordered.*

*George V. Holland, Jr.*, for John James McDonnell.
*Susanne M. Riley* for Virginia Rose McDonnell.