FLORA M. HALPERSON *vs.* PETER G. HALPERSON. No. 05-P-490. February 9, 2006. *Practice, Civil*, Appeal, Interlocutory appeal. *Rules of Appellate Procedure. Probate Court*, Appeal.

A judge of the Probate and Family Court ordered the question of the validity of the parties' antenuptial agreement bifurcated from the remainder of the divorce action. After a brief trial on the antenuptial agreement, a different judge of that court ruled that the antenuptial agreement was invalid, and a "judgment" entered to that effect. The remaining issues of the parties' divorce are still pending. The husband's appeal from the judge's interlocutory ruling on the validity of the antenuptial agreement accordingly is not properly before us, and we remand the matter to the Probate and Family Court for determination of the underlying case. See *Mancuso* v. *Mancuso*, 10 Mass. App. Ct. 395, 396-397 (1980); *McDonnell* v. *McDonnell*, 39 Mass. App. Ct. 932, 933 (1995).

We need not rehearse the various considerations militating against our consideration of piecemeal appeals, other than to refer to the detailed discussion of the topic in *Long* v. *Wickett*, 50 Mass. App. Ct. 380 (2000). The "judgment" does not dispose of all issues in the case; accordingly, without a certification of the type required under Mass.R.Civ.P. 54(b), 365 Mass. 821 (1974), it is not final and, hence, not ripe for appeal.[1] Nor did the trial judge report the question under the extraordinary vehicle of Mass.R.Civ.P. 64, as amended, 423 Mass. 1410 (1996).[2] See *Foreign Auto Import, Inc.* v. *Renault N.E., Inc.*, 367 Mass. 464, 467-468 (1975).

"Accordingly, the matter is remanded to the Probate [and Family] Court

---

[1] We express no view on whether the question of the validity of an antenuptial agreement is a separate "claim" appropriate for certification under rule 54(b). See *Long* v. *Wickett, supra* at 390-395.

[2] We note that the husband moved unsuccessfully in both the trial court and before a single justice of this court to stay proceedings in the trial court pending determination of this appeal.

with instructions that the notice of assembly of the record issued on [March 31, 2005], is to be vacated. Neither party is to have costs of appeal." *Mancuso* v. *Mancuso, supra* at 403.

*So ordered.*

*Deborah Sirotkin Butler* for Peter G. Halperson.
*Joseph C. Delcore* for Flora M. Halperson.